## Mary A. Harper's Appeal.

1. A testator made the following bequest of all his stocks and bonds: "I also give and bequeath all stocks and bonds to Mary A. Harper. The dividends derived from same to be paid to her by J. Morrow Arnold whom I name as trustee for said bonds and stocks as dividends may accrue from time to time." He also bequeathed to Mary A. Harper $10,000 in cash. His will also contained a bequest of $5,000 to the said Arnold for his services as trustee for Mary A. Harper. By decree of distribution the bonds and stocks were awarded to Arnold as trustee for Mary A. Harper. Upon final distribution the fund was not sufficient to pay the legacies of Arnold and Mary A. Harper: *Held,* (a) That though said bequest of the stocks and bonds to Mary A. Harper created a dry technical trust yet so long as by a decree of a court of competent jurisdiction the trust exists and the trustee has been awarded the securities, the Supreme Court will not say that there is not a trust of some kind. (b) There was therefore a consideration for the legacy of Arnold and it is entitled to preference over a general legacy.

2. A legacy given for any valuable consideration is entitled to preference over general legacies on deficiency of assets to pay all.

3. Appeal of the Trustees of the University of Pennsylvania, 1 Out. 187, followed.

November 9th, 1885.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Allegheny county:* Of October and November Term, 1885, No. 211.

APPEAL of Mary A. Harper from the decree of the Orphans' Court of Allegheny County, made October 3d, 1885, dismissing her exceptions to the decree of distribution made by said court on July 15th, 1885, in the matter of the estate of James H. Brown, deceased.

James H. Brown, who died in 1883, by his will, made the following bequest of all his bonds and stocks: "I also give and bequeath all stocks and bonds to said Mary A. Harper. The dividends derived from same to be paid to her by J. Morrow Arnold, whom I name as trustee for said bonds and stocks as said dividends may accrue from time to time." He also bequeathed to said Mary A. Harper ten thousand dollars ($10,000) in cash. His said will also contained a bequest of five thousand dollars ($5,000) to J. Morrow Arnold for his services as trustee for Mary A. Harper under the bequest of bonds and stocks previously mentioned.

By decree of distribution made January 31st, 1884, upon the audit of the executor's first account, the bond and stocks of said decedent were awarded to J. Morrow Arnold, as trustee for Mary A. Harper, the present appellant. Said

[Harper's Appeal.]

Arnold has retained possession of the same from the time of said decree and still holds possession of the same.

By said decree thirty-five hundred dollars ($3,500) in cash was awarded to appellant, on account of her said legacy of ten thousand dollars ($10,000,) leaving a balance of sixty-five hundred dollars ($6,500) still due to her thereon.

By said decree nothing was awarded to J. Morrow Arnold, on account of his said legacy of five thousand dollars.

By decree of distribution. made upon the audit of the executor's second and final account, the following distribution was made of the balance of $6,538.42 in the hands of the executors for distribution. Said balance being insufficient to pay the legacy of Arnold and the unpaid balance of Mary A. Harper's legacy, the court awarded the full amount of Arnold's legacy to him and $1,475.47 to appellant.

By this distribution the court gave preference to Arnold's legacy on the ground that said legacy was based upon a valuable consideration, to-wit, his services as trustee and therefore entitled to preference over Mary A. Harper's legacy, which was a mere gratuity. Appellant contended that distribution should have been made to her for the full amount of the unpaid portion of her legacy, for which said balance for distribution was sufficient.

That Morrow Arnold was not entitled to said legacy because, had a proper decree of distribution been made at the previous audit on January 31st, 1884, said bonds and stocks would not have been awarded to him and there would have been no services to perform. That said trust was a dry trust, and said bonds and stocks should have been properly awarded to appellant. That, therefore, the condition *precedent* annexed to his legacy of $5,000, that of being trustee, having failed, his legacy likewise fails. And, further, that if said Arnold was entitled to participate in said distribution it was pro rata only with other general legatees and .that his legacy was not entitled to preference nor exempt from abatement. To this affect appellant filed exceptions to said second decree of distribution which were dismissed by the court. Said dismissal of exceptions constitutes the assignment of error.

OVER, J. in making. distribution upon audit of the executors final account filed an opinion which was *inter alia* as follows :

1st. The testator having directed that the legacy.to Mrs. Harper should be paid within six months after his death, it is contended that it is entitled to priority in right of payment to other general legacies. It is evident, however, that this direction was not made in apprehension of any deficiency of assets but merely for the purpose of giving priority in time of pay-

ment, and it is well settled that on intent to give such priority does not give a legacy preference in right of payment. Penn'a Co.'s Appeal, 16 W. N. C. 170. It follows, therefore, that this legacy is not to be preferred.

2d. Where a general legacy is founded upon a valuable consideration, it is entitled to preference in payment to other general legacies, which are mere bounties: University of Pa.'s Appeal, 97 Pa. St. 187; Gassman's Estate, 38 Leg. Int. 261, and cases there cited.

The legacy to Mrs. Harper is a mere bounty, while that to J. Morrow Arnold is founded upon a consideration, to-wit: His services as trustee for her; as, by accepting the trust, he has contracted to perform its duties for the compensation fixed by the testator. But the cases in which the above rule prevails, appear to be where the consideration or the legacy inures to the benefit of the testator's estate, as a legacy to a widow in lieu of dower. Here, however, the consideration for the legacy to Arnold does not enure to the benefit of the testator's estate, but to Mrs. Harper as specific legatee, and if the contest were between him and general legatees not benefited by his legacy, it may be he would not be entitled to preference to them. But as it is between him and a legatee benefited by the consideration upon which his legacy is founded, it seems that the rule applies, and that his legacy is to be preferred.

It is true that the amount may be excessive compensation, that the services now rendered are not of much value, and that the trustee may not live to fully execute the trust. But, as the legacy is not conditioned upon him living to execute it, and payment is not postponed until the termination of the trust, the presumption is that the contingency of the death of the trustee before its termination, and consequent inability to execute it, were considered by the testator when he fixed the compensation. The amount of this legacy, then, is the compensation fixed by the testator for the trustee's services, notwithstanding these contingencies. And Mrs. Harper being a mere recipient of his bounty, and benefited by the legacy, is not in a position to object to it, and has no equities requiring it to abate. Moreover, if the services which may be rendered are worth more, the trustee could not secure additional compensation. It seems clear, therefore, that this legacy is entitled to preference in payment to Mrs. Harper's.

In dismissing the exceptions to the adjudication of audit, HAWKINS, P. J., filed the following opinion:

In dismissing these exceptions it is proper that the court should notice briefly the arguments upon which exceptant relied.

1st. It was contended ·that the will of Jas. H. Brown deceased, did not create a valid active trust for exceptant in respect of the stocks mentioned in paragraph 3d; and that consequently Mr. Arnold was not entitled to the provision made for his compensation as trustee.

This position is not well taken, and, for these reasons:

There can be no doubt that the intention of testator, however defectively expressed, was to create an active trust for Mrs. Harper. The direction to Mr. Arnold to collect and pay over the dividends, and the liberal provision made for compensation of his service, in this behalf, are inconsistent with any other theory. It was in furtherance of this manifest intention that the appropriation to Mr. Arnold as trustee in distribution on·the ·audit of the former account was made. No question was then raised as to the validity of the trust, not to the decree. That decree cannot be collaterally attached; it is conclusive until set aside. It is, therefore immaterial in this proceeding which in respect of that proceeding is collateral: Rhoad's Appeal, 39 Pa. Stat. 186, whether the trust was defective in its creation or not; the decree of appropriation made it a fact and conclusive here. When Mr. Arnold had accepted the trust he had complied with the condition precedent to his right to demand the legacy given him in that behalf: Harrison *v.* Rowley, 4 Ves. 212.

2d. It was also contended that, assuming the trust to have been valid, the legacy given Mr. Arnold was liable to abatement, because it was not based on a consideration in existence at the death of testator, and in illustration of this position, certain authorities were cited to the effect that a legacy to an executor for his care and trouble is liable to abatement.

It was not necessary that the consideration should have been in existence at the death of testator to exempt this legacy from abatement.

The general rule is that among volunteers legacies abate in case of deficiency of assets, but if there be any valuable consideration for the testamentary gift, as where a general legacy is given in consideration of a debt owing to a legatee, or of the relinquishment of any right or interest, as of her dower by a widow, such legacy will be entitled to a preference of payment over the other general legacies which are mere bounties: 2 Williams on Executors, 1364; Trustees Appeal, 97 Pa. St., 187. This statement is broad enough to embrace as well a consideration arising after, as in existence at the date of testator's death, and there is no reason why it should not. An estate may be as effectually bound by a contract entered into in pursuance of a will as by a contract made with testator in his life time. A bequest on condition of taking

care of testatrix's house and goods for three months after her death, as in Wilson's Estate, 39 Leg. Int., 109, or of taking care of testatrix's husband after her death, as in Gasman's Estate, 10 W. N. C., 275, were based on valuable considerations arising after testatrix's death, and no one can, with reason, doubt that they were properly held to be within the rule of exemption from abatement. The legacy to Mr. Arnold falls within the same class. It was made to him as a conditional offer of so much compensation for his services as trustee, and when he had accepted the appointment his remedy against the estate for the amount of the legacy was as complete as though he had made a similar contract with testator in his life time. It is true, as was suggested by counsel for exceptant, that his acceptance was purely voluntary, but that might with as much force have been said, had a similar contract been made with testator in his life time. The essential fact here is that the legacy was given in consideration of the services and responsibility of the trustee. Had no legacy been given him he would have been entitled to compensation all the same as well as a preference in payment; the gift of the legacy had the same purpose in view: Guien's Estate, 1 Ash, 317, and there is no apparent reason why the preference should not continue as against volunteers.

The exceptant's counsel rely on a passage in 2 Williams on Executors, 1364, in support of their position, that in order to · entitle a general legatee to exemption from abatement, the consideration upon which it is based must have been in existence at the date of the testator's death. The case of Blower v. Morret, 2 Ves., 420, cited in the foot note for this qualification of the general rule, does not sustain it. The sole question involved there was whether a bequest to a wife in lieu of dower was liable to abatement, and there is not even a discussion of the question suggested now. And the suggested qualification is entirely inconsistent with the letter and the reason of the rule. The sole test is whether the legacy is based on a valuable consideration, and it is obviously immaterial whether or not the consideration in fact sprang into existence before or after testator's death.

The illustration suggested by exceptant's counsel in support of the same position, grew out of a peculiarity of the English law. The services of trustees there are gratuitous, and consequently a legacy for care and trouble in the administration of a trust is a part bounty. In this state trustees are entitled to compensation for their services, and the case cited from English books are inapplicable.

If, therefore, the legatee stood upon the ground of consideration alone, he would be entitled to a preference in pay-

ment over Mrs. Harper, who is a volunteer.  But there is an additional reason for preference.  Mrs. Harper is the beneficiary of the trust fund of which Mr. Arnold is trustee.  Had no testamentary provision been made for compensation, the trust fund must have been liable; this legacy is in relief of the fund, and, therefore, for the ·benefit of Mrs. Harper.  If less than the full amount of the legacy should be realized, the trustee may have recourse against the trust fund for the deficiency : Guien's Estate, *supra*.  In answer to this, it is said that Mrs. Harper claims here as pecuniary legatee and not as beneficiary under the trust.  There is no merit in this position.  She claims under the same will in which the trust is created for her benefit.  . The trustee accepted the trust upon the condition of payment of the legacy presumably with her consent.  She can not now be heard to deny his right to the full consideration of his acceptance.

For these reasons then the exceptions must be dismissed.

Whereupon Mary A. Harper took this appeal, assigning for error the dismissal of the exceptions and decreeing distribution to J. Morrow Arnold in preference to the appellant.

*Abram Israel* (*Cohen & Co.* with him), for the appellant.— 1. By the bequest of .said bonds and stocks to appellant, a dry trust was created, and the legal title thereto became vested in her by the terms of said bequest: Roper on Legacies, 1474; Garrett *v.* Rex, 6 Watts, 14; 14 Roberts' Appeal, 9 P. F. S., 74; Hellman *v.* Hellman, 4 Rawle, 450; Shriver *v.* Cobeau, 4 Watts, 130; Parker's Appeal, 11 Smith, 485; Keene's Appeal, 14 Id., 268; Robert's Appeal, 59 Pa., 70; Penna. Co.'s Appeal, 2 Norris, 312; Millard's Appeal, 6 Id., 457; Davis' Appeal, 4 Out., 203.  2. Therefore said bonds and stocks should have been awarded to appellant and not to J. Morrow Arnold as trustee, whereby said alleged trust would never have existed.  3. If said trust had never existed, J. Morrow Arnold not having become .trustee, the condition precedent attached to his legacy of $5,000 failing, his legacy also fails.

Where a legacy is given to one as executor, or for his services as ' such, it is a legacy upon condition precedent: Williams on Executors, 6th Am. ed., 1391; Hanbury *v.* Spooner, 5 Beav., 630; Hawkins' Trust, 33 Id., 570.

Where a legacy is given upon condition precedent, the condition must be strictly performed, however unreasonable: Campbell *v.* McDonald, 10 Watts, 179; Gilleland *v.* Bredin, 63 Pa., 393; Stover's Appeal, 77 Id., 282; McClure's Appeal, 22 Smith, 419.

In McClure's Appeal, 22 Smith, 419, Judge WILLIAMS

says: "If the condition of the gift never happens, the gift never arises."

Where the condition precedent becomes impossible, the gift never arises, even though there be no default, or laches on part of devisee: 2 Jarman on Wills, 9, 12; 2 Redfield on Wills, 285, § 8; Vanhorne *v.* Dorrance, 2 Dall, 317; Moakley *v.* Riggs, 19 John. 71, 72; Taylor *v.* Bullen, 6 Crown, 627; Taylor *v.* Mason, 9 Wheaton, 325.

In any event the legacy to Arnold should abate *pro rata* with other general legacies. It does not come within the class of legacies based upon a valuable consideration, whose legatees are purchasers and entitled to preference. Among the latter class are legacies given to widows in lieu of dower, or to creditors for an actually subsisting debt.

It has been uniformly held in England that a legacy given to an executor for his services as such, must, upon a deficiency of assets, abate *pro rata*, with other general legacies: Duncan *v.* Watts, 16 Beav., 204; Att'y Gen. *v.* Robbins, 2 P. Wm., 25; Fretwell *v.* Stacy, 2 Vernon, 434; Herron *v.* Herron, 2 Atkyn, 178.

And for leading American authority on this question see 2 Redfield on Wills, 453, where the same doctrine is laid down.

*Hill Burgwin,* for appellee.—It will be observed that the question as to whether Mrs. Harper gets a life estate, or an absolute interest in the bonds and stock, does not arise in this case. It will present itself on her death, or may perhaps be raised at any time and be determined by the court in proper proceedings for the purpose. There is no rule or principle of law preventing a testator from vesting property in a trustee for the life of his beneficiary, with provision that it go to her legal representative at her death. The rule in Shelly's case, and the Statute of Uses, 32 Henry VIII., 10, do not apply to personal property. So that the entire argument and authorities of the appellent's counsel as to bequest of the income carrying the corpus or absolute estate in fee, are entirely beside the mark. Among active trusts has always been classed that to receive and pay over the profits to another: Husband on Married Women's Trusts, 289. The above is cited and approved, 11 W. N. C., 183.

The difference between active and dry trusts is fully discussed in Bacon's Appeal, 57 Pa. St., 504: "So long as active duties remain to be performed by the trustees, the legal estate must continue in them." In Davis' Appeal, 4 Out., 205, the court, after quoting the above, add: " This being true of real estate, which is permanent and enduring and re-

quires no change, it is still more true of a trust fund which consists of securities only, in this case stocks and bonds, requiring constant care and watchfulness, and possibly frequent changes."

Was the legacy to Arnold given on a valuable consideration, and therefore not liable to abatement with other legacies on deficiency of assets to pay all?

The rule is that on deficiency general legacies will abate *pro rata*; but if there be any valuable consideration for the testamentary gift, or the relinquishment of any right or interest, such legacy will be entitled to preference: Sarah Wilson's Estate, 39 Leg. Int., 109; Gasman's Estate, 10 W. N. C., 275; Trustees, &c., Appeal, 97 Pa. St., 187.

But counsel on the other side lay great stress on the fact that a legacy given to an executor for his services has been held to abate, the legatee being considered a mere volunteer: Atty. Gen. *v.* Robinson, 1 P. Williams, 25. They forget to give the reason for this decision, as stated in that case by the court, viz.: That in England an executor has no claim for compensation. His services, no matter how extensive and laborious, are considered as gratuitous.

Mr. Justice PAXSON delivered the opinion of the court, January 4th, 1884.

The legacy to J. Morrow Arnold was given for a valuable consideration. The consideration was his services as trustee for the appellant under the will of the testator, James H. Brown, of certain stocks and bonds, which he has bequeathed to the appellant. The said stocks and bonds were appraised at $43,078.42, and were transferred to the trustee by the executors under a decree of the Orphans' Court.

The fund for distribution in this present proceeding being insufficient to pay both the appellant and Mr. Arnold in full, it is claimed by the former that her legacy must be paid in full, for two reasons, viz.: 1. That the trust is a mere dry trust, the appellant being entitled under the will to the immediate possession of the stocks and bonds; and 2. That the compensation of the trustee is, in any event, excessive and out of all proportion to the labor and responsibility involved.

That this is a dry technical trust may be conceded. But the trust exists, and the trustee has been awarded the securities by the decree of a court of competent jurisdiction. With that decree standing in full force and unappealed from, we cannot say, in this collateral proceeding, that there is not a trust of some kind. *Non constat* that the trust ever will be attacked.

There was therefore a consideration for the legacy to Mr.

[Weston v. The Commonwealth.]

Arnold. All the authorities hold that such a legacy is entitled to preference over other legacies which are mere bounties. It is sufficient to refer to the Appeal of the Trustees of the University of Pennsylvania, 1 Out., 187. It may be the testator placed an extravagant estimate upon the value of Mr. Arnold's services, but that is a matter with which the appellant, who is a mere volunteer, has no standing to complain.

We need not pursue the subject further, as the case has been very carefully and intelligently discussed by the learned judge of the Orphans' Court.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.