12775

IN RE NORRIS' ESTATE

(150 S. E., 693)

206

*Mr. L. D. Jennings,* for appellants,

*Messrs. Allen & Doyle,* and *Watkins & Prince,* for respondents,

December 6, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The Court is entirely satisfied with the decree of his Honor, Judge Townsend, except in the matter hereinafter discussed:

We do not think that the executor is entitled to commissions during the period for which no accounts were filed:

The first ground of exception of the beneficiaries to the ruling of his Honor, Judge Townsend, on this question is that the language in the will did not create a gift to the executor, but was a mere repetition of the provisions of the statute and gave the executor no higher right than that which he enjoyed under the statute. This ground of exception involves Section 5430, Vol. 3, Code of Laws 1922. The language of Item 17 of the will is in effect the same as the language in the above section. The statute provides as follows: "Every executor or administrator shall, for his, or her, or their care, trouble and attendance, in the execution of their several duties, take, receive or retain in his, her, or their hands, a sum not exceeding the sum of Two Dollars and Fifty cents for every Hundred Dollars which he, she, or they shall receive, and the sum of Two Dollars and Fifty cents for every Hundred Dollars which he, she, or they shall pay away, in credits, debts, legacies, or otherwise, during the course and continuance of their or either of their managements or administrations, and so in proportion for any sum or sums less than one hundred dollars."

A statute could not allow an executor a gift from an estate. That would constitute a taking of property without due process of law. The above language of the statute must therefore have been so chosen as to denote compensation, and it has been so applied by the numerous cases that have dealt with it. Since the language of Item 17 of the will is substantially the same as the above language of the statute, this item must also denote compensation.

The second ground of exception of the beneficiaries is that even if the language of the will created a gift, it was a gift based upon services as executor, and therefore is essentially a commission and comes within the provisions of the statute.

There is certainly strong reason for holding that the bequest to the executor under Item 17 of the will was a consideration for services to be rendered and was conditioned upon services to be rendered as executor. This bequest was based upon property received by *him* and collections made and moneys paid out (the collections and disbursements, of course, to be made by *him,* the executor). A consideration of the definitions of "compensation" and "gift" would lead to the conclusion that the bequest to the executor in Item 17 of the will was compensation and not a gift. The words "compensation for his services as executor" are used by the testator.

In connection with the above two grounds of exception, it is true that authorities agree that at the death of the testator there exists no consideration for the basis of a claim by the executor against the estate, because the executor is under no obligation to act. Reason and authority, however, are to the effect that after the executor enters upon and performs his duties as executor a different situation exists, and he then has a claim against the estate based upon legal consideration.

Harpers Appeal, 111 Pa., 243, 2 A., 861, 862, holds that: "The legacy to J. Morrow Arnold was given for a valuable consideration. The consideration was his services as trustee

for the appellant, under the will of testator, James H. Brown, of certain stocks and bonds, which he had bequeathed to the appellant."

See also Matter of Runk, 181 App. Div., 461, 168 N. Y. S., 970, affirmed 224 N. Y., 570, 120 N. E., 875, Mem., cited in 24 *Corpus Juris,* page 990.

In the case of *Clements v. Fletcher,* 161 Ga., 21, 129 S. E., 846, the Court speaks of the commissions allowed the executor under the will as compensation.

Section 5430, Vol. 3, Code of Laws 1922, gives an executor commissions for his care, trouble, and attendance in the execution of his several duties. This statute implies that the services rendered by an executor constitute good consideration for which he is entitled to compensation. Whatever may have been the case before the enactment of this statute, the doctrine expressed above obtains under our statutory system today, and it might be added that this doctrine has become a part of our present public policy. The allowance of commisions to executors today gives them an incentive to good work and diligence which they would not otherwise have.

The commissions allowed in Item 17 of the will are not given *in lieu of compensation as executor.* Therefore, if the language of this Item denotes a gift which the executor takes independently of the statute, in addition to receiving the commissions provided by that Item he would also be entitled to compensation as executor under the Code—a result manifestly unjust and a claim that the respondent-appellant has not made.

If the commissions given by Item 17 are to be considered as compensation, then under Section 5425, Vol. 3, of the Code of 1922, those Commissions have been forfeited during the years the executor failed to render annual accounts. *Blackmon v. Blackmon,* 113 S. C., 478, 101 S. E., 827; *Sherwood v. McLaurin,* 103 S. C., 370, 88

S. E., 363; *Epperson v. Jackson,* 83 S. C., 157, 65 S. E., 217; *Brooks v. Brooks,* 12 S. C., 422; *Koon v. Munroe,* 11 S. C., 139; *Frazier v. Vaux,* 1 Hill, Eq., 203; *Wright v. Wright,* 2 McCord, Eq., 185; *Black v. Blakely,* 2 McCord Eq. 1; *Gee v. Hicks,* Rich. Eq. Cas., 5; *Corbin v. Jones,* Rich. Eq. Cas., 52; *Corbin v. Howell,* Bailey Eq., 183; *Jenkins v. Fickling,* 4 Desaus., 369; *Benson v. Bruce,* 4 Desaus., 463; *Davidson v. Moore,* 14 S. C., 251; *Lay v. Lay,* 10 S. C., 208; *Ramsay's Assignees v. Ellis,* 3 Desaus., 78; *Brown v. McCall,* 3 Hill, 335; *Roberts v. Johns,* 24 S. C., 580.

The law on this point is well expressed in *Gee v. Hicks,* Rich. Eq. Cas., 22: "The defendant was entitled to commissions, unless it was shown that she had failed to make regular annual returns to the ordinary. In such years as she failed to make returns, she was entitled to no commissions. On returns regularly made she was entitled to commissions. So, if she had not made a single return, she was entitled to commissions for paying over the balance found in her hands and decreed to be paid to the complainants."

The fact that the compensation in this case was given under the will and not under the statute should not affect the question whether or not it had been forfeited during the years accounts were not made. The statute does not state that he has forfeited commissions given under the statute, but it states that, "He shall not be entitled to any commissions," thereby meaning all commissions, whether given under the statute or under the will.

In the case of *Clements v. Fletcher,* 161 Ga., 21, 129 S. E., 846, 860, in which the compensation was provided by the will, the Court said: "It is true that where an executor fails to make his annual returns as required by Section 3992 of the Code * · * * he forfeits all commissions for transactions during the year within which no return is made. * * * By a special order, entered on the minutes, an ordinary may relieve the executor from such forfeiture.

\*   \*   \*   Civil Code, § 4069. In this case the executor procured such order."

The Court in this case did not hold that an executor had forfeited commissions for his failure to file annual returns, but specifically placed its holding on the ground that the executor had been relieved from such forfeiture by a special order of the ordinary, which procedure is permitted by the Georgia Code. The inference is clear that had this special order not been entered, the executor would have forfeited his commissions, although they were provided by the will.

     The third ground of exception of the beneficiaries is ■   that under the language of the will the amount provided to be paid to the executor was to be paid for his services as executor, and that he did not render proper services as executor, in that he did not file accounts annually, and therefore was not entitled to commissions for the years during which no accounts were filed. The question that under the language of the will the amount to be paid to the executor was to be paid for his services as executor has already been considered. The case of *Edmonds v. Crenshaw*, which will presently be considered, also treats of this third ground of exception.

The only South Carolina case which we have been able to find in which a similar question arose as to commissions given under the terms of the will is the old case of *Edmonds v. Crenshaw*, Harp. Eq., 224. The following is the language of the will involved: "I will and direct that my executors \*   \*   \*   receive as a compensation for their services 10% on the whole amount of the moneys to be collected from the sale of my estate and of outstanding debts which may be due at my decease, or which may become due thereafter." The decree of the lower Court held that: "The 10% in question was undoubtedly a legacy, but it was a legacy given for the performance of important services which are explicitly stated in the very sentence bequeathing the legacy and coupling the duties and the reward together. They were not performed

in many important particulars and much loss has been sustained by their neglect in not collecting and investing the moneys of the estate in stocks. Under these circumstances, I am of the opinion with the commissioner that the executors are not entitled to the 10% bequeathed them for services to be performed, but which were not performed. * * * I also concur with the commissioner that the executors are not entitled to the statute allowance of 2½% receiving and 2½% on paying away moneys of the estate for the years in which they neglected to make returns to the ordinary of their transactions. For those years in which they made returns it is proper they should be paid."

This decree is authority for the position that in the case at bar, although the commissions under Item 17 of the will constitute a legacy, it is a legacy given for the performance of duties as executor, and since the executor failed to file annual returns during part of his term, as required as a service of him as executor under Section 5425, Vol. 3, of the Code of 1922, he failed to perform his duty in an important particular and therefore is not entitled to commissions given by the will, but can take, if at all, only under the statute, and under the statute he has forfeited commissions during the years he failed to make returns.

On appeal of the case of *Edmonds v. Crenshaw*, the Supreme Court held: "We are satisfied with the decree, except on the points hereafter stated. The executors of Aaron Cates were directed to sell the whole of the estate, real and personal, and to invest the proceeds in bank stock, or in shares of some incorporated company, according to their judgments. These investments have not been made in the smallest degree; but the Circuit Court has made the executors liable for the amount to which the property would have accumulated if they had done their duty under the will. It appears therefore to us, that it is proper to allow them the compensation of ten per cent. on the amount of moneys of the estate received by them which is given, by the will of the testator,

to the executors, for the performance of the duties assigned to them."

Other questions not relating to executor's commissions were also discussed. It will be seen that the Supreme Court upheld the ruling of the decree below that the 10 per cent. commissions were conditioned upon services to be performed as executor. And the inference is clear that had the executors not been made liable for the amount to which the property would have accumulated if they had done their duty, the 10 per cent. commissions would not have been allowed. The commissions were allowed, but only because the executors were made liable for the deficiency brought about by their laxity.

The position was evidently taken that since the purpose of the statute requiring annual returns of executors was to place a check upon inefficiency and dishonesty, on the part of executors, and since executors had to account as if they had been efficient and honest, the purpose of the statute had been met and it would be inequitable not to allow commissions, especially since the executors had to account out of their personal funds. The Supreme Court evidently intended to create the situation that would have existed had the executors performed their duties properly—in which case they would have been entitled to commissions.

If in the case at bar commissions are allowed for the period during which no accounts were filed, the purpose of the statute and public policy would be defeated. A deterrent to laxity and dishonesty on the part of executors would be removed.

The accounts should be adjusted in the following manner: Commissions to which executor entitled:

Return June 2, 1924:

Receipts—$127,920.61—2½% commissions ...$ 3,198.02
Disbursements—$115,933.95—2½% c o m m i s-
  sions ................................. 2,898.35

Return April 27, 1927:

Receipts during year for which July 23, 1927, account was filed $19,908.79, 2½% commissions ... 497.72

Disbursements during same period—$21,866.84 —2½% commissions .................... 546.67

Return July 23, 1927:

Receipts—$85.25—2½% commissions ....... 2.13

Disbursements—$83.12—2½% commissions ... 2.08

Return Jan. 25, 1927:

Receipts, Profit on sale of United States Steel Bonds—$566.21—2½% commissions ...... 14.16

Disbursements—$566.21—2½% commissions.. 14.16

Total ............................... $ 7,173.29

Total commissions withheld ................. $ 9,475.41

Commissions earned ....................... 7,173.29

Overpayment ......................... $ 2,302.12

The $514 commission improperly retained for acting as trustee should not be distributed under Item 12 of the will. This amount of $514 represents excess over the $20,000 amount to which the living children of George Manly Norris were entitled and which they have already been paid.

The amount of $2,302.12 should be paid by the executor to the parties entitled thereto under the will.

His Honor, Judge Townsend, in computing commissions on disbursements for the period for which return was made June 2, 1924, allowed commissions on the amount of $121,-693.13, which amount was excessive for the reason that it included commissions on assets of $114,433.75 at 2½ per cent., $2,860.84, and commissions on disbursements of $115,-933.95 at 2½ per cent., $2,898.34. The account on which commissions should have been computed was $115,933.95 as shown by the statement in the transcript of record on page 3, lines 6, 7 and 8.

His Honor, Judge Townsend, in computing commissions on disbursements during the period for which the return of April 27, 1927, was made, erred in deducting the amount of $689.76, commissions on receipts during the same period, for the reason that no commissions were included in disbursements for the above period. This deduction has not been made in the above calculations.

The judgment of this Court is that the decree be modified as herein indicated, and that the case be remanded to the Circuit Court for further proceedings consistent herewith.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.