13862

BRANNON *ET AL.* v. WOODWARD

(178 S. E., 249)

*Messrs. W. A. Crow* and *Johnson & Johnson,* for appellants,

*Messrs. Perrin & Tinsley,* for respondent,

June 7, 1934.

On petition for rehearing July 18, 1934. On retaxation of costs, January 28, 1935. The opinion of the Court was delivered by Mr. W. C. Cothran, Acting Associate Justice.

The appeal in this case presents to the Court one of those many disturbing questions so constantly faced by appellate Courts involving the construction of statutes. Shall the statute be subjected to a strict construction to the detriment of the administrator, or shall it be said that the administrator has substantially performed the mandate of the statute and is thereby relieved from its provisions?

On October 28, 1931, John Woodward was appointed administrator of the estate of Clifford Brannon, deceased, by the Probate Court for Union County. The deceased was due the sum of $4,472.40 as insurance from the United States Veterans' Administration, and, when collected, this sum of money represented the entire assets of the estate. The administrator went to the Probate Judge and told him that he intended to deposit the money in the First National

Bank of Spartanburg. No order was requested relative to the deposit and none was granted, although the Probate Judge testified that he had no objection to the named depository, and would have granted the order if requested. At that time the selected depository was considered perfectly safe. The administrator gave bond and, in the line of his duty, paid from said deposit certain debts, costs, expenses, and advancements to the heirs. Included in these payments was one to himself of $200.00 as commissions.

On June 29, 1932, the depository bank was declared insolvent, and the administrator then had on deposit therein the sum of $2,786.00 belonging to the estate.

Section 9012 of the Code requires an administrator to make a return and to file an itemized statement of all liabilities of the estate with the Probate Judge on the first day after the expiration of eleven months from the date of appointment. For neglecting to perform this duty the administrator "shall not be entitled to any commissions for his trouble in the management of the said estate." In addition to the forfeiture of commissions the administrator is liable to be sued for damages by any person interested in the estate.

Section 9051 of the Code directs the manner in which various fiduciary officers shall invest trust funds. Administrators are included amongst said officers. In case the funds are deposited at current savings bank interest the approval of the Court having jurisdiction of the funds must be obtained.

The application of these two sections of the Code will now appear.

At the expiration of eleven months from the date of his appointment, the administrator had filed no return with the Probate Court and, at the instance of the attorneys for the heirs, the Probate Judge wrote to the administrator demanding that he file his return. The return was thereupon filed on November 4, 1932, about five weeks after it was due according to the Code provision.

Thereafter on December 10, 1932, this action was brought by the heirs against the administrator demanding a final accounting and settlement of the estate. The administrator answered, setting out his accounting in full and alleging the withholding of the balance of the funds of the estate by the receiver of the insolvent depository bank. The heirs raised objection to the accounting upon two points, claiming that the administrator was liable for the balance in the bank as it had been invested without the approval of the Probate Judge, and that the administrator was not entitled to commissions for the reason that he had not filed his first return in the time required by law.

A hearing was had before the Probate Judge on these objections to the accounting, testimony was taken, and a decree filed. The decree denied both contentions of the heirs, but held that the administrator was entitled to commissions of $149.97 and that having paid himself $200.00 he must refund to the estate $50.03. The reason for allowing the commissions appears to be that the money had been collected and the portion paid out before the return was made and that the commissions were, therefore, earned. The Probate Judge also held that the placing of the money in the bank was simply a deposit and not an investment as contemplated by the statute. An appeal was taken to the Circuit Court from this decree, and the Circuit Judge disagreed with the Probate Judge as to the applicability of Section 9051, but affirmed the decree generally, notwithstanding the difference of opinion as to Section 9051. From the order of the Circuit Judge this appeal is taken, error being alleged in the two particulars of allowing commissions to the administrator and in exonerating him from liability for investing the funds without the approval of the Probate Judge.

Taking up these grounds in inverse order, we agree with the Probate Judge that a mere deposit of funds belonging to an estate is not such an investment by

a fiduciary as is contemplated by the statute, especially during the first year of an administrator's service when the deposit is subject to check for the payment of costs and expenses. This exception cannot be sustained.

The second ground, relating to the allowance of commissions, is of much more serious character.

The fact is admitted that the administrator did not comply with the provision of the statute. His reason for not making the annual return was that the bank had closed, he had no money on hand, and did not think it necessary to make the return. He did make a return, however, as soon as he was called upon by the Probate Judge to do so.

It appears that the administrator was very diligent in performing his duties. He even did more for the heirs than the law required in making advancements to them from time to time to provide for their pressing needs. His conduct in behalf of the heirs was such as to warrant commendation rather than censure. He was not charged with any manner of wrong or neglect in so far as the estate was concerned, and his only neglect was as to himself in not protecting his own interests.

Many cases have been before this Court on the subject of commissions, and in all of them the statute has been upheld and commissions denied when the return was not filed in conformity therewith. It is true that in the majority of these cases, which can be followed up by reference to the respondent's brief in the report of this case, the fiduciary had made no returns for years and, therefore, commissions were denied.

*Blackmon v. Blackmon,* 113 S. C., 478, 101 S. E., 827, is one of the many cases denying the right to commissions when the return was not filed in accordance with the provisions of the statute.

Where returns are filed during certain years and omitted during other years, the commissions are allowed only for the

years in which returns are filed. See *In re Norris' Estate,* 153 S. C., 203, 150 S. E., 693.

The latest case on the subject is *Hutchison v. Daniel,* 170 S. C., 459, 171 S. E., 13, 19. In this case the Probate Judge refused to allow commissions because returns had been filed. His report was generally confirmed by the Circuit Court with the exception hereafter noted, and the decree of the Circuit Court was affirmed by this Court. The slight modification, above referred to, is that while the Probate Judge denied to the administrator all commissions the Circuit Judge held that the administrator was entitled to commissions of 2½ per cent. for paying out the remainder of the funds of the estate still in his hands. For authority sustaining this holding the Court cited the following cases: *Gee v. Hicks,* Rich Eq. Cas. 5; *Epperson v. Jackson,* 83 S. C., 157, 65 S. E., 217; *Blackmon v. Blackmon, supra.*

In the present case if the administrator should be fortunate enough to collect any portion of his deposit from the closed bank, he will be entitled to a commission of 2½ per cent. for paying out this amount. This holding applies to the sum of $278.60 heretofore collected from the bank.

It is with genuine regret that the claim of the administrator to commissions must be denied. He has performed his undertaken services to the estate faithfully and well, and has fallen into an error so common to many honest men of paying more attention to the business affairs of others than to their own.

To extend the time of making the return as demanded by the statute would effectually repeal its provisions and would leave the matter in the hands of the Court with no guide as to when the return should be made. It is better to follow the law as written, even though the failure to file the return herein was delayed only a few weeks, rather than leave the whole matter in doubt with the resultant hardships which would inevitably follow.

The following remarks of Chief Justice Blease in the *Hutchison case, supra,* seem peculiarly appropriate: "We take the opportunity to again call to the attention of Judges of Probate, and through them to the attention of administrators and executors of estates, of guardians of infants, and of other persons acting in fiduciary capacities in the Probate Courts, that this Court does not look with favor upon the very loose and careless manner in which the estates of deceased persons, wards, and beneficiaries of trusts generally have been handled in recent years. There has been too much lack of observance of legal requirements and proper business methods in the handling of such estates. The administrators, executors, guardians, committees and others, placed in positions of trust, in too many instances fail to make the annual returns required of them by law, and Judges of Probate too often overlook requiring proper annual accountings".

It therefore follows that the administrator must refund to the estate the commissions heretofore paid to himself; the exception alleging error in this respect being sustained.

In order that further litigation may be ended in this case, we deem it proper to say that the administrator, the respondent, is the prevailing party in this appeal, and that no appeal costs should be taxed against him.

The judgment of the Circuit Court is modified as herein set forth.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE CARTER concurs in part.

MR. JUSTICE CARTER (concurring in part and dissenting in part):

I agree with the views expressed in the opinion in this case in every respect, except as to the question of costs. Under the record in the case I think the appeal costs should be taxed against the respondent.

### On Petition for Rehearing

*Per curiam.*

Upon consideration of the petition for a rehearing in this cause it appears that under the recent decision of this Court in the case of *Gathings v. Great Atlantic & Pacific Tea Co.,* 170 S. C., 219, 170 S. E., 153, the Court erred in taxing the costs of appeal against the appellants.

It is therefore ordered that the opinion as heretofore filed be, and the same is hereby, modified in that particular, and that the appeal costs be taxed in favor of the appellants.

It is further ordered that the remittitur herein be held by the Clerk of this Court for 10 days after the filing of this order, during which time the attorneys for the respondents may be heard in opposition to this order, if they be so advised.

### On Retaxation of Costs

On a petition for a rehearing in this cause this Court passed an order modifying the opinion as to costs, all of which fully appears in the report of the case.

The question is now brought up as to whether the costs of appeal should be taxed against Woodward as administrator or against him individually.

The adjudication for costs is an order for judgment, and upon such order judgment may be entered. John Woodward, individually, was not a party to the suit, and no Court has the right to order a judgment against one who is not properly before it.

It may be said that to require the administrator, as such, to pay the costs inflicts a penalty upon the estate rather than upon the individual. This is true. However, we have held that the administrator must restore to the estate the greater protion of the commissions collected by him, and this amount may be used by him in the payment of costs. Had the suit been against John Woodward, as administrator and individually, the result might have been different.