## Caruth's Estate

694

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

·William M. Boenning, for exceptants.

Harry J. Gerber, contra.

BOLGER, J., May 4, 1945.—Claimant is a pecuniary legatee of $10,000. The balance for distribution of $16,490.55 is insufficient to pay in full all pecuniary legacies, which total $26,000. Exceptions have been filed to the finding of the auditing judge that claimant's legacy is entitled to a preference because it is based upon a valuable consideration.

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 20, 20 PS §632, provides that if the estate is not sufficient to discharge all pecuniary legacies an abatement shall be made, unless it be otherwise provided by the will. This is merely a restatement of the rule as it

existed at common law. A preference will be given where such is the clear intention of testator: Elmore's Estate, 292 Pa. 571; Appeal of the Trustees of the University of Pennsylvania, 97 Pa. 187; Meetkirk's Estate, 118 Pa. Superior Ct. 562; or where the legacy is in discharge of a legal obligation: Bixenstein's Estate, 6 Dist. R. 19; Appeal of the Trustees of the University of Pennsylvania, supra.

The gift to claimant is couched in the following language:

". . . in appreciation of the conscientious service rendered, and the sincere interest he has always shown in my comfort, happiness and welfare, all during the years since the death of my husband."

The auditing judge has construed the word "appreciation" as connoting "recognition" or "acknowledgment" of such obligation. In addition, the use of the words "conscientious service" strengthens this construction. "Service", when used in a gift to a stranger, i. e., one outside the family, would seem to be used in the sense of occupation, labor, duty done or required in return for a quid pro quo. The word "conscientious" attributes to the service a devotion or solicitude beyond the call of duty. We are of opinion that testatrix in employing these words has clearly expressed her intention of creating a preference.

The auditing judge admitted evidence dehors the instrument to prove a valuable consideration for the gift. Exceptants contend that under the Evidence Act of 1887 and its amendments such evidence is inadmissible because adverse to decedent. With this contention we do not agree. It has been repeatedly held that to disqualify a witness his interest must be adverse to that of decedent: it is the *interest* which is adverse, not the adverse testimony, that disqualifies him: Edmundson's Estate, 259 Pa. 429; Joseph Horne & Co. v. Petty, 192 Pa. 32; King, Admr., v. King, 96 Pa. Superior Ct. 585.

It is clear that such hostility does not exist here because the allowance of the legacy as a priority does not result in reducing the amount of the estate. The interest of claimant is adverse only to the other claimants to the fund, not to the estate. Evidence is always admissible in a contest between two sets of claimants: King, Admr., v. King, supra, and Appeal of the Trustees of the University of Pennsylvania, supra; Zeigler et al., Execs., v. Eckert, 6 Pa. 13. The court is entitled to know the character and terms of the "conscientious service"; that question must be answered before we could justly dismiss the claim for priority. Therefore, the auditing judge was correct in overruling the objection to claimant's competency as a witness.

The evidence amply supports the finding of the auditing judge. In Bixenstein's Estate, supra, the Pennsylvania rule as to valuable consideration is well expressed by Judge Ashman, as follows (p. 19):

" 'Priority in the order of payment, where the testator has not himself prescribed it, is always the result of some obligation which rests upon the testator, and which the gift is intended to fulfill. A testator is supposed to be just as well as liberal, and, whether he says so or not, to mean that his gift to a creditor shall be paid before his gift to a volunteer. . . . *In other words, any legacy which is founded upon a valuable consideration is superior in dignity to a legacy which is wholly gratuitous.*' " (Italics supplied.)

While the amount of the legacy may seem disproportionate to the size of the estate and exorbitant for the services performed, it must be remembered testatrix herself has fixed the amount. In Harper's Appeal, 111 Pa. 243, the court allowed as a preference a legacy to the trustee and as to the amount thereof Mr. Justice Paxon, at page 251, stated:

"It may be the testator placed an extravagant estimate upon the value of Mr. Arnold's services, but that

is a matter with which the appellant, who is a mere volunteer, has no standing to complain."

For all the above stated reasons the exceptions are dismissed and the adjudication is confirmed absolutely.