HEARD NOVEMBER TERM, 1877.

KAMINER *vs.* HOPE.

An action may be maintained upon an administration bond by the distributees of the estate in their own names.

In an action upon an administration bond which has been lost, the burden of proof is upon the plaintiff to show the amount of the penalty of the bond.

A recovery by distributees of an intestate in a suit against his administrator is not conclusive as the amount due in an action on an administration bond against the surety.

Distributees have no right to sue for and recover claims due their intestate's estate. That can only be done by an administrator of the estate.

The office of an administrator *pendente lite* is provisional merely, and he has no right to sue for and collect the estate for the purpose of administration.

BEFORE COOKE, J., AT RICHLAND, JULY, 1876.

Action by Thomas L. Kaminer, as administrator of Mary Leaphart, deceased, and Polly Leaphart against John C. Hope, surety on the administration bond of Levi Gunter, administrator of Martin T. Leaphart, deceased.

The case is stated in the opinion of the Court.

*Pope & Haskell, Rice,* for appellant.

*Meetze, Melton & Clark,* contra.

February 12, 1877. The opinion of the Court was delivered by

KERSHAW, J., Acting Associate Justice. This action was brought by the plaintiffs, one of them suing as administrator of the widow and distributee of Simon A. Leaphart, and the other the daughter of Simon, niece of Martin F. Leaphart, and distributee of both estates, against the defendant as surety upon the administration bond of one Levi Gunter, given for the administration of the estate of said Martin L. Leaphart. The appellant contends that an action on the administration bond could only be brought in the name of the Probate Judge as the successor of the Ordinary by whom the bond was taken. That in its most favored aspect the plaintiffs' action could only be regarded as a suggestion to have their damages assessed under a previous judgment upon the bonds recorded in the name of the proper officer, in accordance with the practice formerly prevailing, as settled by the adjudicated case, of which *The Treasurer* vs. *Bates* (2 Bail. L., 373,) may be considered as the leading authority.

If these propositions were correct, then the first steps in the proofs of plaintiffs must have been the judgment presupposed to have been recorded in the name of the officer, and it was not proper to resort, as was done in this case, to proof of the bond. By the General Statutes, p. 450, it is enacted that an administration bond "may be sued by any person injured by the breach of the condition," and this is in harmony with the provisions of the Code, (Sec. 134,) which declares that "every action may be prosecuted in the name of the real party in interest, except as otherwise provided in Section 136," and this case is not one of the exceptions referred to.

Mr. Pomeroy, in his Treatise on Remedies, (Sec. 138,) discussing this subject, says: "It is no longer, consistently with the provisions of the Code, possible for one person to sue to the use of another as was common in some of the States. The parties beneficially interested must themselves bring the action."

This Court also, in *Greenville County* vs. *Runion,* (MS., November, 1876,) decided that Counties may maintain actions on bonds of

their public officers whenever aggrieved by their official misconduct. This action, therefore, may be regarded in part as a suit upon the bond properly brought by the plaintiffs.

This disposes of the exception taken by the appellant to the admissibility of parol evidence as to the amount of the bond, after it had been admitted at the trial "that the bond had been destroyed by fire in the office of the Ordinary." The action having been properly brought, one of the issues was as to the amount of the bond. The loss having been admitted, (which admission involved the fact of its previous existence,) the foundation was laid for parol evidence as to the amount.—Wheat. Law of Ev., 129.

The exception to the admission of such evidence is, therefore, overruled.

2. At the trial, the Court, in order to meet the objection that the action should be brought in the name of the proper officer, " ordered the complaint amended by inserting the name of the Judge of Probate as plaintiff, to which the defendant excepted."

According to the view we have taken, there was no necessity for such an amendment. If, however, the effect of the amendment was merely the insertion of the name of the Probate Judge as a party plaintiff, to have him present before the Court, the act was immaterial. What was the exact scope of the order does not fully appear, as the above quotation embraces all that is stated of it in the case, and it is not, therefore, intended to decide anything upon that point.

3. One of the chief of the issues in this action was as to the amount of the administration bond. It was affirmed by the plaintiffs to have been given in the penalty of $20,000. This was denied by the defendant, who alleged in the answer that the bond was for no more than was sufficient to cover assets valued at $150. This being the issue on this point, the presiding Judge was asked by defendant's counsel to charge the jury (among other things) that " the burden of proof of the signing of a bond for $20,000 rested upon the plaintiffs." This the Judge refused to do, though he admitted the proposition of law contained therein to be true. To this defendant's counsel excepted. This refusal to charge was error, for which a new trial must be ordered. A jury cannot intelligently discharge its functions unless informed upon whom rests the burden of proof. In general, the Court should give any instruction that counsel request, when it embodies a correct statement of

the law bearing upon the case, * * * when it is necessary to a clear understanding of his (the party's) rights or liabilities."—Proffatt on Jury Trial, § 337. "Where testimony is so equally balanced that no conclusion can be drawn from it, it is the duty of the jury to decide against the party who holds the affirmative of the issue."— *Idem*, § 367. There having been conflicting testimony in this case, it cannot be said that the instructions asked for might not have been material, and the omission to give them may have been of prejudice to the defendant.

Other questions are made by the appeal which it will be proper to settle in order that the new trial may be conducted in the light of a decision of the points of law involved.

4. In order to establish the amount of the recovery to which plaintiffs were entitled, the proceedings in a suit in the late Court of Equity brought by Mary and Polly Leaphart originally against Martin L. Leaphart and others, and continued after his death against Levi Gunter and others, were introduced by plaintiffs. The report of the Referee in that case ascertained certain sums of money to be due to plaintiffs by Levi Gunter, aggregating the total of $14,191.65, including interest.

The jury in this case having found the penalty of the bond of Levi Gunter, as administrator, to have been in the sum of $20,000, assessed the damages of the plaintiffs against the defendants at $15,498.58, being the whole amount of Gunter's liabilities, ascertained in the previous suit, with interest to the date of trial. For the respondent here, it is contended that the judgment in that case is conclusive against the appellant as surety, though he was not a party to that suit, and that, therefore, the verdict was for the proper amount.

This Court does not consider that the decree is conclusive of the amount of appellant's liability. Irrespective of the amount of his administration bond, Gunter was liable for whatever assets might have come into his hands as administrator of Martin T. Leaphart, while the surety can only be held to the amount of the bond into which he had entered as surety. The amount of the bond was not in question in that suit, and as to that, certainly, the appellant is not concluded by the decree. Nor is he concluded from showing that, for other reasons, he is not liable for the full amount of the recovery against Gunter.

In the case of the *Ordinary* vs. *Wallace*, (2 Rich., 460,) cited for the respondents as establishing the conclusive character of the decree, it is conceded that it is only *prima facie* as to the *amount* of recovery. Judge O'Neall, delivering the opinion of the Court, says: "But he (the surety) has undertaken to guarantee the defendant in the very particular in which the judgment in equity condemns him, and hence it is conclusive that the administrator has failed fully to account, but *not that* he is in default in every particular and to the amount set out in the decree."

The appellant has, therefore, a right to look into the decree and point out in what particulars it would be improper to charge him, in this action, with the entire amount of the judgment against Gunter in the former suit. Of that amount the sum of $12,143.05 was for a liability of Gunter to the estate of Simon A. Leaphart. This arose from the sale or conversion of assets of the estate of Simon which were in the hands of Martin T. Leaphart, as administrator, and by him assigned to Gunter, together with the bulk of his own estate, upon a trust to pay certain debts of the assignor from the proceeds.

The decree against Gunter was for the residue of the fund left after performing the trust.

This *residuum*, it is here claimed, was an asset in the hands of Gunter, as administrator of Martin, to be accounted for by him in that capacity. He himself so treated it in his accounts. The plaintiffs, also, have so treated the funds, and thereby ratified, so far as they are concerned, the conversion by Martin of Simon's assets. The fund derived from such conversion is, therefore, for the purposes of this decision, to be treated as vested in Martin's estate, and to be accounted for by his administrator. To whom, then, assuming this view for the argument as most favorable to plaintiffs, is he to account for this fund? Evidently to the creditors of his intestate, in the first instance, and afterwards to the distributees. Of the amount decreed against Gunter, $12,143.05 was due the estate of Simon A. Leaphart for *devastavit* of Martin as administrator. Can this sum be recovered of the defendant in this case by the distributees of Simon A. Leaphart without an administration of the estate of Simon? Simply stated, the question is whether distributees can sue for and recover debts due their intestate's estate. Put in this form the affirmation would hardly be contended for.

In *Easterling* vs. *Thompson,* (Rice, 350,) it was decided that creditors of a *decedent* could not recover for the *devastavit* of a *deceased* administrator, in an action against the surety on the administration bond, there being no administration *de bonis non* on the *decedent's* estate although the *devastavit* had been established by a decree of the Ordinary, to which the administrator of the first administrator and the surety were parties. That case is conclusive of this on the point under consideration, for distributees can stand on no better footing in this respect than creditors of an estate.

It was thought so plain a question, that the learned Judge, delivering the opinion of the Court in the case cited, declared that he "thought it not worth while to look for authorities" to support the principle.

There can be no title in the distributees of an intestate estate except in due course of administration, and in all suits brought in that character the administrator is a necessary party.—1 Dan. Ch., 295; Story's Eq. Pl., § 170;. *Bradford* vs. *Felder,* 2 McC. Ch., 169; *Fasty* vs. *Harley,* 1 McC. Ch., 506; *Gregory* vs. *Foster, idem,* 318; *Humphreys* vs. *Humphreys,* 3 P. Wms., 349.

It has been supposed in this case that because Mary Leaphart was appointed administratrix of Simon A. Leaphart *pendente lite* during the progress of the equity suit, that, therefore, the personal representatives and creditors of Simon are concluded by that decree, and that the title of the plaintiffs to the assets of Simon is *res judicata.* This position would be sound if such administratrix represented the rights of creditors and all others interested in the estate, as would a general administrator.

But such is not the case. The office of an administrator *pendente lite* is merely provisional, and limited to collect and hold the goods of the intestate subject to the decision of a contest respecting the administration or touching a will pending in the spiritual or probate Court which makes the appointment. He is merely the officer of that Court. He can neither pay debts or distribute the estate, and in no sense can be said to represent creditors or distributees.—Wms. on Exrs., 338; *Gallivan* vs. *Evans,* 1 Ball and Beat., 191.

Here the appointment arose in this wise: Upon the death of Martin T. Leaphart, which occurred during the pendency of the equity suit, he being administrator of the estate of Simon A. Leaphart, application was made for letters of administration *de bonis*

*non* of said estate by Mary Leaphart, claiming to be entitled thereto as the widow of the deceased Simon.

The pleadings in the equity suit had raised a question as to the legality of the alleged marriage between Mary and Simon. The Ordinary for that reason refused to grant the letters, but did appoint her administratrix *pendente lite.*

Thereupon it seems that Levi Gunter applied for letters of administration of Simon's estate, and that application was refused. Mary Leaphart became, by virtue of her appointment, merely the collector and custodian of the assets of the estate, (such as should come in to her hands,) to be paid over to the rightful and general administrator when appointed. No such appointment was ever made, and she died without having received any portion of the estate and before the commencement of this action.

Neither has this Court, nor had the late Court of Equity, jurisdiction to distribute the estate of a decedent without the intervention of a due course of administration.

It follows that the plaintiffs cannot recover in this action the amount due the estate of Simon A. Leaphart by the late Martin T. Leaphart as administrator, in the absence of an administrator *de bonis non* of Simon's estate.

The motion for a new trial is granted.

*Willard,* C. J., and *McIver,* A. J., concurred.