## TUCKER v. RICHARDS.

1. AGREED STATEMENT OF FACTS does not preclude plaintiff from charging interest on executor's balance stated.
2. ACCOUNTING—ADMINISTRATORS AND EXECUTORS.—Where payments by executor exceed receipts for a given year, the receipts should be added to balance of last year, payments deducted, and interest calculated on that balance for the year.
3. IBID.—IBID.—It is not error to strike balance in executor's account at date of last payment by him before end of calendar year.

Before GARY, J., Union, June 23, 1899.   Affirmed.

Action in probate court by William J. Tucker, as administrator *de bonis non* of James A. Tucker, with the will annexed, against J. Berry Richards, as administrator of J. C. Richards, deceased, Bessie O. Richards and William Munro. Upon appeal, Circuit Judge made following order:

"This is an appeal from the court of probate.   The questions made relate to the manner of charging interest against the defendant, administrator, the plaintiff complaining of the omission or failure to charge interest for the year 1887. It was agreed in writing between plaintiff and defendants

that the account should begin with a fixed amount 1st January, 1888, the agreement being set forth in the record; and it is admitted by the parties that the agreement is binding. No error is shown in the mode of calculation, or in the calculation of the interest as allowed by the court of probate. The decree of that court finds that the defendant, administrator, is indebted to the plaintiff, administrator, in the sum of $405.82 at the date of the decree. This finding is approved, and the plaintiff should have judgment against the defendants for that amount. The appeal is, therefore, dismissed, the judgment of the court of probate is sustained, and the case remanded to that court."

The plaintiff excepts to the judgment, alleging error therein in the following particulars:

"1. In finding and holding that it was agreed in writing between plaintiff and defendants that the account should begin with a fixed amount 1st January, 1888; whereas, he should have found that the agreement was, 'that no matters previous to January 1st, 1888, shall be called in question, or enter into the accounting, except that the executor shall be charged with the $4,671.73, the balance on hand on January 1st, 1888, brought forward from 1887; and whether and how interest should be charged thereon against the executor in the accounting was expressly reserved for judicial determination.'

"2. In not sustaining plaintiff's exception, numbered 1, to the probate court decree; and in not holding and adjudging that the executor should be charged with interest for the year 1888 on $4,691.73, the balance on hand January 1st, 1888, brought forward from December 31st, 1887.

"3. In not sustaining plaintiff's exception, numbered 3, to the probate court decree; and in not holding and adjudging that the true balances should be brought forward against the executor for the years 1889, 1890, and 1891; and that he should be charged interest on the balance so brought forward to each of said years for one year; and that it was error in the

probate court to add the balance brought forward to each year to the sums received that year, and from the result take all payments for that year, and only charge interest against the executor on the balance thus obtained for one year.

"4. In not sustaining plaintiff's exception, numbered 5, to the probate court decree; and in not holding and adjudging that it was error in the probate court to rest the account of the executor on July 6th, 1891; and in not holding and adjudging that the last rest of the executor's account should have been made on December 31st, 1891, and should have extended from January 1st, 1891, to January 1st, 1892.

"5. In holding and adjudging that no error was shown in the mode of calculating and charging interest against the executor, or in the calculation of the interest, in approving the finding of the probate court, that the defendant, J. Berry Richards, as administrator of J. C. Richards, was indebted to plaintiff in the sum of $405.82; and in sustaining the judgment of the probate court and dismissing the appeal."

*Mr. J. Clough Wallace,* for appellant, cites: 11 S. C., 139, 93; 8 S. C., 364; 14 Rich. Eq., 304; Bail. Eq., 334; 5 S. C., 43; 2 Hill, 560.

*Messrs. Munro & Munro,* contra, cite: 18 S. C., 28.

May 11, 1900.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.   This was a proceeding in the court of probate for Union County for an accounting by the defendant, J. Berry Richards, as administrator of J. C. Richards, deceased, who was the qualified executor of the will of James A. Tucker, deceased, for an account of his intestate's dealings as executor with his testator's estate; to which proceeding the sureties on the administration bond of J. Berry Richards were made parties defendant.   The cause was heard in the court of probate on the pleadings and an agreed statement, together with the returns of J. C. Richards, as executor.   The following is a copy of so much of said

agreed statement as affects the questions involved in the appeal: "It is agreed in the above stated case that the account of J. C. Richards, as executor, shall be stated and the liability fixed as follows: No matter previous to January 1st, 1888, shall be called in question or enter into the accounting, except that he shall be charged with $4,671.73, the balance on hand on January 1st, 1888, brought forward from 1887, and excepting further that the question whether he is to be charged interest on said balance, and if so in what manner and how interest is to be charged for the year 1888 and subsequent years, are to be judicially passed upon by the Court, and considered as entering into the accounting, with right of appeal reserved to plaintiff or defendants on the question of interest. In stating the account, the executor shall be charged with the balance on hand January 1st, 1888, $4,671.73, with or without interest thereon as the Court shall judicially determine, and the account stated for each year."  (Then follows a specification of certain charges to be made and a specification of certain credits to be allowed, and certain items to be disallowed, which need not be set out in detail as they are not involved in this appeal), and then the agreement proceeds as follows: "The executor is not to be charged with any other items or matters than those herein specified; but this does not exclude lawful interest on the balance of $4,671.73, brought forward from 1887, and any balances thereafter, but no interest is to be charged on any sum or balance previous thereto; and the executor is not to be credited with any other matters than those herein specified.  All the executor's returns to be in evidence before the Court for considering questions and making up the account."

The judge of probate rendered his decree, accompanied by a statement of the account of the executor up to the 6th of July, 1891, when the last payment seems to have been made, and escertained the balance then due by the executor to be the sum of $262.70, upon which he calculated interest from that date up to the date of the decree, and renders judgment for the aggregate sum so ascertained, to wit: the sum

of $405.82. From this judgment the plaintiff appealed to the Circuit Court upon the several exceptions set out in the "Case," which appeal was heard by his Honor, Judge Ernest Gary, who rendered judgment dismissing said appeal and affirming the judgment of the court of probate.

The plaintiff now appeals from the judgment of the Circuit Court upon the several exceptions set out in the record, which together with the decree of Judge Ernest Gary should be incorporated by the reporter in his report of the case.

The first exception, imputing error to the Circuit Judge in holding that plaintiff was concluded from claiming interest on the agreed balance of $4,671.73 from the 1st of January, 1888, by the agreement hereinabove set out, is based upon a misconception of the decree of the Circuit Judge, and must, therefore, be overruled. We do not understand that Judge Gary based his conclusion upon any such ground. He simply stated that the parties had agreed "that the account should begin with a fixed amount 1st January, 1888," and that was unquestionably a correct construction of the agreement; but he does not say nor does he intimate that the plaintiff was concluded by such agreement from claiming interest on the amount so agreed upon from the 1st of January, 1888. On the contrary, he proceeds to say that: "No error is shown in the mode of calculation or in the calculation of the interest as allowed by the court of probate." In other words, the Circuit Judge based his conclusion not upon the ground that the plaintiff was precluded from claiming interest on the whole amount of the sum agreed upon as the balance on the first of January, 1888, *by the agreement,* but upon the ground that the Judge of Probate had adopted the correct mode of calculating interest.

The second and third exceptions present the real question in the case; and that is whether there was error in the mode adopted of calculating interest upon the annual balances. Or to state the question more precisely, is there any inflexible rule which requires that, in taking the account of an

administrator or other trustee, interest shall be calculated on the annual balance found on the first of January in any given year in the hands of the administrator, for the whole of such year, without regard to the disbursements made during such year? If there is any such inflexible rule, then it is manifest that the judge of probate erred in the mode which he adopted for calculating the interest on annual balances, and the Circuit Judge was likewise in error in approving the mode of calculation adopted by the judge of probate. For the judge of probate, in ascertaining the sum which was entitled to bear interest from the 1st of January, 1888, added to the balance of $4,671.73 agreed upon by the parties the amount of all receipts during that year, and from the sum so ascertained, he deducted all the disbursements made during said year, and upon the balance thus ascertained he calculated interest from the 1st of January, 1888, to the 1st of January, 1889, and so on from year to year. But we do not think that there is or ought to be any such inflexible rule, and, on the contrary, that the mode of calculating interest in a case like the present depends largely upon the circumstances of each particular case. This view is fully supported by at least two well considered cases—*Dickson* v. *Hunter,* 3 Hill, 204, and *Baker* v. *Lafitte,* 4 Rich. Eq., 392, where Johnston, Ch., in delivering the opinion of the Court, collects the cases on the subject in a note to his opinion. In the case of *Dixon* v. *Hunter, supra,* the law upon the subject is thus laid down: "The general rule as laid down in all the cases in reference to the accountability of trustees, is, that they shall use such diligence in the preservation and improvement of the trust fund as a prudent man would do in relation to his own affairs. The corollaries to this proposition are: first, that he shall not make profit out of his trust; and second, that he shall be charged with no loss except for neglect of duty. All rules on the accountability of trustees must be made in subordination to these principles, and whenever a case occurs in which the application of a general rule violates these principles, the case should constitute an exception to

the rule, and be decided with reference to the great principles which I have just stated." The learned Judge then goes on to show that in many cases, to charge an administrator with interest on whatever sum was in his hands on the 1st of January in a given year as an invariable rule, would work most flagrant injustice to the administrator. In the previous cases of *Jones* v. *West* and *Davis* v. *Wright,* 2 Hill, 560, it was held that the general rule laid down in those cases of charging interest on annual balances may be just in its operation where the receipts exceed the expenditures of the current year, but where the payments exceed the receipts, the receipts should be added to the annual balance on hand, and from the aggregate the payments of that year should be deducted, and on this balance only should interest be charged. So in *Baker* v. *Lafitte, supra,* Johnston, Ch., in delivering the opinion of the Court, uses the following language : "The general principles applicable to the subject are that a trustee is not to make profit out of the trust funds in his hands, and that he shall exercise that degree of diligence in relation to the trust estate which men of ordinary prudence exercise with respect to their own estates, and if any loss results from his failure in this respect, he and not his *cestui que trust* must bear it. These principles must guide in the decision of all cases, and the application of any universal and inflexible rule is impossible, because such rule would under some circumstances serve rather to sacrifice than to advance the general principles, which it is its intention and purpose to carry out." The learned Chancellor then proceeds to suggest various instances in which it would be necessary in order to preserve the general principles above stated to vary the rule, and uses the following language : "Though the general rule is to deduct from the last annual balance and the sums received during the current year all sums expended during the same year, reserving the balance thus left as that upon which interest should be computed from the beginning of that year, yet there may be special circumstances attending particular cases, which should defeat the rule." Again, in speaking of the

annual balance, he says: "The balance, however, may be reduced (and, of course, the computation of interest varied) by the receipts and expenditures of the year following that in which it is established. As, for instance, if in that succeeding year, the trustee expends more than he receives, he should be presumed to have held so much of the last annual balance as was necessary to make up the difference; in which case, interest should be computed only on the residue of the balance not thus employed." These two cases establish, conclusively, two propositions: 1st, that in an accounting by a trustee, there is no inflexible rule as to the mode of computing the interest on annual balances. 2d, that, where in taking such accounting, it appears that the disbursements during any given year exceed the receipts of such year, the whole amount of the balance found to be in the hands of the trustee on the 1st day of January of that year does not bear interest for twelve months, but the interest-bearing balance must be ascertained by adding to the annual balance found to be in the hands of the trustee on the 1st day of January in any given year the receipts for the next year, and deducting from the sum thus ascertained the whole amount of the payment made during such year, the residue only will constitute the interest-bearing fund for that year. This is exactly the mode of computing the interest which was adopted by the judge of probate in this case, and as it is manifest from the account filed with the decree of the judge of probate, that the amount of the payments made in each of the years 1888, 1889, 1890 and 1891 exceeded the receipts for those years, there was no error. Exceptions two and three to the judgment of the Circuit Court must, therefore, be overruled.

Exception four imputes error to the Circuit Judge in sustaining the action of the judge of probate in resting the accounting of the executor on the 6th of July, 1891, instead of on the 31st of December following. The account shows that on the 1st day of January, 1891, the balance appearing to be in the hands of the executor amounted to $1,533.85, and that there was nothing received

during that year by the executor, but that during the year payments were made up to the 6th of July, amounting to $1,280.10, which, on the principle above stated, being deducted from the balance in the hands of the executor on the 1st of January, 1891, left as the true interest-bearing fund the sum of $253.75, upon which interest was computed from the first of January, 1891, up to the 6th of July, 1891, when, as it seems, the last payment was made, and then the final balance was struck, upon which interest was computed from that day up to the date of the decree of the judge of probate. In this we see no error, and, therefore, the fourth exception must be overruled.

The fifth exception is disposed of by what has already been said as to the proper mode of computing the interest.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.