## CASHION v. PILOT LIFE INS. CO.

### No. 58.

District Court, W. D. South Carolina,
Greenwood Division.

Nov. 8, 1939.

W. H. Nicholson and G. P. Callison, both of Greenwood, S. C., for plaintiff.

Mays & Featherstone, of Greenwood, S. C., and Smith, Wharton & Hudgins, of Greensboro, N. C., for defendant.

WYCHE, District Judge.

This matter is before me on motion of plaintiff to remand the cause to the court of common pleas for Greenwood County from which it was removed upon the petition of the defendant. Diversity of citizenship is admitted and the only question to be determined is whether the federal jurisdictional amount is involved in the controversy.

The action is one upon a life insurance policy wherein Two Thousand ($2,000) Dollars, the amount the insurance company agreed to pay in the event of the death of the insured, is demanded in a first cause of action; and Two Thousand ($2,000) Dollars, an additional amount the company agreed to pay in case of the death of the insured by accidental means, is asked in a second cause of action. The defendant by its answer to the first cause of action admits the issuance of the policy and death of the insured, but alleges that the proceeds of the policy are only Twelve Hundred Thirteen and $93/100$ ($1,213.93) Dollars, this being the balance after deducting Seven Hundred Ninety-Three and $17/100$ ($793.17) Dollars due on a policy loan, subsequently set out as a counterclaim, from Two Thousand ($2,000) Dollars, the amount of the death benefit, plus a post mortem dividend of Seven and $10/100$ ($7.10) Dollars; that it tendered to the plaintiff the sum of Twelve Hundred Thirteen and $93/100$ ($1,213.93) Dollars in full settlement of its liability under the said policy of insurance immediately after plaintiff filed with it her proof of death and that its said tender was refused; that it has continuously since that day held itself in readiness to pay said amount in full settlement of its said liability; and that plaintiff has continuously had notice from the defendant of this continuing tender. As an affirmative defense the defendant sets up a counterclaim for the amount of the policy loan in the sum of Seven Hundred Ninety-Three and $17/100$ ($793.17) Dollars. The plaintiff, in a reply thereto, admits the counterclaim.

Section 80, 28 U.S.C.A. provides that: "If in any suit * * * removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been * * * removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, * * * the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

The action as filed by the plaintiff in this case was properly removable to this court on the ground of diversity of citizenship and jurisdictional amount, but the answer of the defendant and the reply to the counterclaim interposed therein, disclose lack of jurisdictional amount. The face amount of the policy is admitted by the defendant and the policy loan is admitted by the plaintiff. The first cause of action is, therefore, admitted and there remains nothing in dispute between the plaintiff and the defendant except the second cause of action wherein only Two Thousand ($2,000) Dollars, is demanded, and where the sole issue for determination is whether the insured was killed by accidental means. The answer also shows that the amount admittedly due under the first cause of action had been tendered the plaintiff before suit, and alleges that the defendant is now and

has always been ready and willing to pay the face amount of the policy less the policy loan. Thus, as revealed by the pleadings, the amount in dispute is less than the federal jurisdictional amount. Section 41 (1), 28 U.S.C.A.; American United Life Ins. Co. of Indianapolis, Ind., v. Franklin, 9 Cir., 97 F.2d 76.

For the foregoing reasons the motion to remand is granted.