### SMALL et al. v. FRICK.
### No. 608.

District Court, E. D. South Carolina, Florence Division.

Sept. 22, 1941.

William T. Shore, of Charlotte, N. C., and Henry E. Davis, of Florence, S. C., for plaintiffs.

Willcox, Hardee, Houck & Wallace, of Florence, S. C., for defendant.

**WYCHE, District Judge.**

This action was commenced by the plaintiffs, Thelma M. Small and Thetis M. Allen, citizens and residents of the State of North Carolina, and E. D. Matthews, citizen and resident of the State of New York, against the defendant J. J. Frick, a citizen and resident of the State of South Carolina. The complaint alleges that the plaintiffs are children and heirs-at-law of J. W. J. Matthews, who died January 3, 1940.

The first claim against the defendant is summarized in paragraph three of the complaint as follows: "That during his lifetime, the said J. W. J. Matthews owned a valuable and well equipped farm in Florence County, South Carolina, and that some time in the year 1936 the defendant J. J. Frick obtained possession and control of said farm, and, plaintiffs are informed and believe and therefore allege that for the next several years he and his family received their living therefrom without any other visible means of support. That the amount so received by the said J. J. Frick from said farm aggregated at least the sum of Three Thousand ($3,000.00) Dollars, and the said J. J. Frick has never made any accounting therefor." The complaint then alleges that in July, 1938, J. W. J. Matthews was adjudged insane by the Court of Probate for Florence County, South Carolina; that defendant herein was appointed as his Committee by said Court; that said Court issued what purported to be letters dismissory to Frick as such Committee; that in issuing letters dismissory it attempted to approve his accounts as such, but that such letters dismissory are null and void for lack of compliance with statutory requirements and for lack of jurisdiction in said Court to grant such letters dismissory.

The second claim against defendant Frick is summarized in paragraph six of the complaint as follows: "That during the time he was Committee of the said J. W. J. Matthews, funds belonging to the said J. W. J. Matthews to the extent of approximately Three Thousand ($3,000.-00) Dollars passed through the hands of the said J. J. Frick for which he has never, so far as these plaintiffs are concerned, made any accounting whatever."

Upon the application of the plaintiffs, and before the time for pleading to the complaint had expired, a rule to show cause and temporary restraining order were issued by me enjoining the defendant from disposing of, transferring, secreting or making away with thirteen hundred, fifty-five ($1,355) dollars cash, or evidence thereof, derived, or to be derived, from the payment by M. D. Matthews, as executor of the estate of the said J. W. J. Matthews, of a claim of the said J. J. Frick against said estate ordered to be paid to him by the Court of Probate for Florence County and affirmed on appeal by the Court of Common Pleas for said County.

The rule to show cause was made returnable on September 4, 1941, and was continued until September 9, 1941, and since said date the temporary restraining order has, by two supplemental orders, been continued and the defendant granted additional time to file answer to the complaint pending the determination of the matters next hereinafter considered.

The defendant filed his return to the rule to show cause and made a motion under Rule 12(b), sub-head (6), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint as insufficient to state a cause of action and claimed that this Court has no jurisdiction of the matters and things set forth, and that the jurisdictional amount is not involved in these proceedings.

The determination of these questions requires a brief review of the facts as disclosed by the record consisting of the complaint, plaintiffs' application for temporary restraining order, and facts admitted upon the hearing, and shown by the return of the defendant, and records of the Court of Probate and Court of Common Pleas for Florence County made a part of the defendant's return. In determining the question of jurisdiction, the trial Court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, inquire into the facts as they really exist. Wetmore v. Rymer, 169 U.S. 115, 120, 18 S.Ct. 293, 42 L.Ed. 682; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Sadler v. Pennsylvania Refining Co., D.C., 31 F.Supp. 1.

In July, 1938, J. W. J. Matthews was adjudged non compos mentis by the Judge of Probate for Florence County. The defendant Frick was appointed his Committee. He continued to act as such Committee until the death of J. W. J. Matthews

in January, 1940. J. W. J. Matthews left a will in which he devised his property to six of his children, three of whom are the plaintiffs, share and share alike. M. D. Matthews, one of those children, a citizen and resident of the State of South Carolina, was appointed executor of his will, duly qualified, and is now acting in such capacity. M. D. Matthews is one of the devisees under the will and is a resident of the State of South Carolina, as stated, as are the other two devisees who are not parties to this action.

The Court is not, at this stage, concerned with the regularity of the proceedings in the Court of Probate for Florence County, or with the merits of a claim against Frick for the use and occupation of lands of J. W. J. Matthews or the sufficiency of his bond as Committee of J. W. J. Matthews.

It is well settled that the interests of parties joined for the purpose of convenience cannot be aggregated for the purpose of conferring jurisdiction. Gramling v. Maxwell, D.C., 52 F.2d 256. When two or more plaintiffs having separate and distinct demands unite in a single suit it is essential that the demand of each be of the requisite jurisdictional amount. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817. When several plaintiffs unite to enforce a single interest or right in which they have a common and undivided interest it is sufficient if their interests collectively equal the jurisdictional amount. Troy Bank v. Whitehead & Co., 222 U. S. 39, 32 S.Ct. 9, 56 L.Ed. 81. In my opinion the plaintiffs in this action are attempting to enforce a right in which they have a common and undivided interest, but the total of that common and undivided interest is only three thousand ($3,000) dollars, exclusive of interest and costs, as it is admitted in this case that they are not suing in a representative capacity, and that their aggregate demands could not exceed three thousand ($3,000) dollars, by virtue of the fact that their interests aggregate only half of the demand. For this reason, I conclude that this Court does not have jurisdiction of the action. Cashion v. Pilot Life Insurance Co., D.C., 29 F.Supp. 1020; Stockman v. Reliance Life Insurance Co., D.C., 28 F.Supp. 446; Mutual Life Insurance Co. v. Moyle, D.C., 34 F.Supp. 127.

The demands which the plaintiffs seek to enforce in this action represent choses in action of J. W. J. Matthews, deceased. If J. J. Frick used J. W. J. Matthews' lands and was due compensation therefor that compensation was due to J. W. J. Matthews and the chose in action was one which, prior to his death, could only have been asserted by him. As to the other claim, it likewise appears, if Frick owed J. W. J. Matthews anything upon a proper accounting such was a cause of action which J. W. J. Matthews had prior to and at the time of his death. The legal representative of J. W. J. Matthews is the duly qualified executor of his estate, M. D. Matthews, a citizen and resident of the State of South Carolina. Relief cannot be granted the plaintiffs in this action because the executor alone can sue Frick to account for anything due the estate of the deceased. The executor is the real party in interest. In McNutt v. Bland, 2 How. 9, 15, 11 L.Ed. 159, 161, the United States Supreme Court said: "Executors and administrators are not in this position, they are the actors in suits brought by them; the personal property of the decedent is vested in them; the persons to whom they are accountable, for whose benefit they act, can bring no suit to assert their rights against third persons, be the cause of action what it may; nor can they interfere with the conducting of the suit to assert their rights to the property of the decedent, which do not vest in them. The personal representative is, therefore, the real party in interest before the court, [Clarke v. Mathewson] 12 Pet. [164], 171 [9 L.Ed. 1041], and succeeds to all the rights of those they represent, by operation of law; and no other persons are capable, as representatives of the personalty, of suing or being sued." And this is also the law in South Carolina. Farley v. Farley, 1 McCord Eq. 506; Kaminer v. Hope, 9 S. C. 253; Trimmier v. Thomson, 10 S.C. 164.

This conclusion in no wise conflicts with the decision in Ross v. Beacham, D.C., 33 F.Supp. 3, in which case the heirs brought suit against the administrator for his delicts. If, with an existing administrator of the estate of W. G. Ross, the heirs in Ross v. Beacham had been undertaking to sue a third party to collect debts due the estate of W. G. Ross, it would necessarily have been held that they did not have the right to maintain the action.

During the argument there was some discussion by counsel of the willingness of the executor to be added as a party-plaintiff on the ground that he was the

real party in interest under Rules 17 and 21 of the Rules of Civil Procedure, and a motion was made to that effect. If this motion were granted, or if the executor should be added as a party-plaintiff by the Court on its own initiative, this Court would still have no jurisdiction of this controversy. As was said in the case of Cohen v. Maryland Casualty Co., D.C., 4 F.2d 564, 565, "There can be no doubt of the rule in the federal courts that, if the issue arises that parties who are indispensable have not been made, or it should appear during the trial, the court would either dismiss the case or hold it until they are made parties, and if to make them parties would destroy the diversity of citizenship, and thereby oust the jurisdiction of the court, then the court cannot entertain jurisdiction of that case, and should dismiss at once." The executor, a citizen and resident of the State of South Carolina, is an indispensable party to this action, and, in view of the fact that J. J. Frick is a citizen and resident of this State, this Court could not, under such circumstances, entertain jurisdiction of this action.

For the foregoing reasons the action must be dismissed.